GONZÁLEZ, CALDERÓN & Co. ET AL., PETITIONERS, *v.* CÓRDOVA DÁVILA, RESPONDENT (PLANTERS' ASSOCIATION OF RÍO GRANDE, LOÍZA AND CAROLINA, INTERVENOR).

## PETITION for a Writ of Certiorari to the District Court of San Juan, Section 1, in an Action of Debt.

### No. 178.—Decided May 22, 1917.

### Decided on reconsideration July 24, 1917.

DEBT — CERTIORARI — INTERVENTION — ASSOCIATION NOT FOR PROFIT — QUASI-PARTIES — INTERESTED PARTIES.—When an association of planters organized not for pecuniary profit brings an action of debt, not in its own name but in behalf of its members, and includes without their consent a number of the members who represent more than half of the amount sought to be recovered and who, therefore, have an interest in the subject-matter of the suit, being not only quasi-parties but the real parties in interest, and the said parties ask for leave to intervene as defendants on the ground that they are interested in the action and that the exclusive and personal right which they have in the subject-matter of the action has not been transferred to the plaintiff or to any other person, they should be allowed to intervene.

ID.—ID.—ID.—ID.—There is no principle of law that obliges individual members of an association organized to foster agriculture in general, extending aid, defense and protection to its members when necessary, who have an interest therein, to choose between joinder as plaintiffs and absolute exclusion, or that forbids them to deny the truth of the averments made in their names and on their behalf, if the plaintiff association is without authority to represent them.

ID. — ID. — ID. — QUASI-PARTIES. — Even in the Federal Court, where intervention can be had only in equity actions and where the rule is more stringent against the admission of parties occupying an attitude hostile to the original plaintiff, the general rule prohibiting the introduction of new parties defend-

ant, when the plaintiff objects, does not apply with full force where the person who wishes to come in belongs to the class known as quasi-parties, under which term are included those who are already represented in the suit, or who come within the compass of the proceedings *pendente lite.* Such persons are entitled to be heard by the court in respect to any matter affecting their interests, and the court will either hear them on motion or petition, or if necessary will admit them as active litigant parties.

ON RECONSIDERATION.

ID.—ID.—ID.—RIGHT TO BE HEARD.—A petition to intervene should generally show an interest, but when the interest appears from the complaint, the parties who do not want a suit to be prosecuted in their names or in their behalf have a right to be heard, be it as complainants or defendants, if for no other reason than to disclaim or prevent a prosecution in their supposed interest.

The facts are stated in the opinion.

*Mr. Eduardo Acuña Aybar* for the petitioners.

*Mr. José de Guzmán Benítez* for the intervenor.

The respondent did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The Planters' Association of Río Grande, Loíza and Carolina, hereinafter referred to as the association, brought suit against the Loíza Sugar Company, alleging in substance that the plaintiff is an association with full legal capacity, domiciled in the town of Loíza, of the Judicial District of San Juan, and incorporated under the provisions of Act No. 22 of the Legislative Assembly of Porto Rico "To incorporate associations not for pecuniary profit," approved March 9, 1911, one of its purposes being to foster agriculture in general, extending aid, defense and protection to all its members when necessary; that all the planters who are members of the plaintiff association are engaged in planting and cultivating sugar cane, and they, as such planters (*colonos*) of the Loíza Sugar Company, have been selling their crops of cane from the year 1911 to the defendant corporation, the said defendant weighing the cane on its scales and receiving it to be ground in its factory, said company binding itself to pay the said planters six pounds of sugar for each one hundred pounds of cane received from said planters, the

said price always being paid in cash at the current rate at the time in the sugar market of the United States; that the planters for the defendant company, who are members of the plaintiff company, have always acted in good faith and correctly and faithfully complied with their obligation to plant, sell and deliver all their cane to the Loíza Sugar Company, and this they have done, relying on the honesty of the defendant company and the accuracy of the liquidations submitted by the same with a memorandum of the weight on its scales of the cane sold and of the cash value of the price stipulated in kind, viz., six pounds of sugar for each one hundred pounds of cane received by the central; and accordingly the members of the plaintiff association have been delivering to the defendant corporation, in accordance with the weight shown by the scales of the Loíza Sugar Company, certain enumerated quantities of cane; that the defendant corporation on its part has not only duly complied with the obligation of paying to said planters, who are members of the plaintiff association, the price for the cane bought and received from it, to wit, the total value for six pounds of sugar for each of the 8,300,499.40 hundredweight of cane that said planters have sold and delivered to it during the crops of 1911 to 1914, inclusive; for, according to the information obtained by the said planters, the defendant company has failed to pay them up to October, 1914, the total amount of the price stipulated, inasmuch as the said defendant deducted 1.5 per cent from the full weight of all the cane bought, or one pound and a half of cane from each hundredweight of the cane; that with that reduction from the real value of the cane sold by the planters to the defendant corporation the said defendant has seriously caused damage to the planters by retaining in its possession and failing to pay them the sums corresponding to said 6 per cent since 1911 to 1914, namely, the value of 7,160.26 hundredweight of sugar, as represented by said 6 per cent, which amounts to $22,668.17; that in October, 1914, the Department of Weights and Meas-

ures examined the scales of the Loíza Sugar Company and the defect in said scales being known, as has been alleged, the planters and members of the plaintiff association having been informed of the damage that was being caused in the price of their canes, asked the same to protect and defend their rights to receive the sums that the Loiza Sugar Company had failed to pay them for the reason stated, and then the plaintiff association decided to authorize its president first to approach the defendant in a friendly way for the collection of said differences and that in case nothing could be obtained through these private steps, to bring the proper judicial actions therefor.

The prayer is for a judgment that the defendant corporation, Loíza Sugar Company, pay to the plaintiff association for its members, the planters (*colonos*) of the defendant, the sum of $22,668.17, with interest, costs and attorney's fees.

The court overruled a demurrer interposed by the defendant upon the grounds, among others, that the plaintiff is without legal capacity to sue for the recovery of the money claimed in the complaint for the reason that said plaintiff, being an association not organized for pecuniary profit, cannot, as such association, recover indebtedness owing to its members by reason of contracts made individually with such members without regard to the association, and that the complaint does not state facts sufficient to constitute a cause of action.

Petitioners herein filed a motion to intervene, alleging—

"That petitioners are all active members of the Planters' Association of Río Grande, Carolina and Loíza, plaintiff herein, which is a corporation organized under the laws of Porto Rico not for pecuniary profit and that they have fully paid the contribution required by said association in order to become active members thereof.

"That from 1911 to 1914, as well as now, petitioners were and are planters of sugar cane on lands situated in the municipal districts of Río Grande, Loíza and Carolina; that all the cane planted and gathered on said lands under the control of petitioners dur-

ing the said years have been ground at the Central Canóvanas belonging to the Loíza Sugar Company, the defendant in this suit, by virtue of the contracts executed between said Loíza Sugar Company and the petitioners, the sugar cane furnished by petitioners having amounted to nearly three-fifths of the whole amount ground at said central during the said years.

"That petitioners as members of the plaintiff association and as planters of the defendant corporation, Loíza Sugar Company, have a direct and immediate interest in this suit inasmuch as the action therein brought for the collection of certain differences in the price for the sugar during the years from 1911 to 1914 is and constitutes a personal and exclusive right of the petitioners which they have at no time or instant transferred to the plaintiff association, the said petitioners being of the opinion that said plaintiff association is not authorized to bring action, so far as the petitioners are concerned, for any differences in the price of sugar which is the main object of this complaint.

"That based upon such interest petitioners wish to intervene in this suit, joining the defendant corporation against the claims of plaintiff; and they pray, under the provisions of section 72 of the Code of Civil Procedure, the court to allow them, as intervenors, to file an answer to the complaint in the terms shown by the enclosed copy."

The district court, in overruling this motion, held that the facts alleged by petitioners showed that they had no interest whatever in the subject-matter of the action brought by the plaintiff association, and that intervention was unnecessary for the reason that the ends of justice could be sufficiently attained by means of the testimony of petitioners as witnesses at the trial, should the defendant company see fit to call them.

The association is not an ordinary business corporation and does not sue in its own name, but on behalf of its members including petitioners, who, assuming as we must the truth of the matters alleged by them, represent three-fifths of all the cane ground by the defendant company and therefore at least an equal if not a larger proportion of the amount sought to be recovered. It can hardly be said there-

fore that they have no interest in the subject-matter of the suit. We think it reasonably clear that petitioners are already quasi parties, if not, indeed, the real parties in interest.

The association does not allege any interest whatever in the grinding contracts of its members beyond the vague general purpose of its organization to "foster agriculture in general, extending aid, defense and protection to its members when necessary"; and petitioners solemnly aver that, in so far as they are concerned, it is a total stranger to the contracts upon which the suit is based. Certainly, individual planters who happen to be members of such an association, *prima facie*, at least, have as much interest as has the association in the proceeds of grinding contracts executed directly, solely and exclusively between themselves and a central. And, in the absence of any transfer or assignment of their right of action, we fail to perceive how any mere authorization from such association to its president to bring an action in the name and for the use and benefit of its members, including such individual planters, without their consent, to recover money alleged to be due on such contracts, and the filing of such a suit, can operate to deprive them of their interest in such proceeds amounting to more than half the subject-matter in litigation. Nor are we aware of any prin-. ciple of law that obliges individuals with such an interest to choose between joinder as plaintiffs and absolute exclusion, or that forbids them to deny the truth of the averments made in their name and on their behalf, if, as expressly alleged in the proposed answer, the plaintiff association is without authority to represent them.

The court having held the original complaint sufficient on its face, the representative capacity of the association can be challenged effectively only by answer. Perhaps in this regard the answer tendered by petitioners is not so full and explicit as it might be, but it is quite as specific as is the

complaint. It may or may not be true that petitioners are bound by the alleged resolution authorizing the president of the association to bring the action instituted, or are otherwise estopped to deny the right of the asssociation to sue in their name, but this is a matter that can be finally and conclusively determined only after hearing the evidence. Meanwhile, if such be the theory of the complaint, which is not at all clear, then the same may be regarded as adequately negatived by the answer attached to the motion, and we think that petitioners are entitled to a hearing upon this point.

Even in the Federal courts, where intervention can be had only in equity actions and where the rule is more stringent against the admission of parties occupying an attitude hostile to the original plaintiff—

"The general rule prohibiting the introduction of new parties defendant, when the plaintiff objects, does not apply with full force where the person who wishes to come in belongs to the class known as *quasi* parties, under which term is included those who are already represented in the suit, or who come within the compass of the proceedings *pendente lite.* Such persons are entitled to be heard by the court in respect to any matter affecting their interests; and the court will either hear them on motion or petition, or, if necessary, will admit them as active litigant parties."

And—

"Beneficiaries secured under a deed of trust and other *cestuis qui trustent,* in suits brought by or against their trustee fall within the class of *quasi* parties. These persons are recognized as having a sort of status in the suit by representation; and the court may, for any good reason, admit them into active participation in the litigation, notwithstanding any objections of the plaintiff." Am. Ann. Cas. 1913, D. 1036.

See also 1 C. J. pp. 982, 983, §§ 86, 87; 31 Cyc. 512; 1 Sutherland, Code Pleading, Practice and Forms, 419, §§ 631 *et seq.;* 3 Estee's Pleading, 146, §§ 4507 *et seq.;* 3 Kerr, § 387, pp. 431 *et seq.*

The order complained of must be annulled.

On motion for reconsideration MR. JUSTICE WOLF delivered the following opinion of the court on July 24, 1917:

This case was heard again on reconsideration by reason of failure to notify the original complainant of the hearing, the judge below alone being notified. We see no reason to modify what we said before. The said complainant insists that petitioners by their own confession have no interest. On the other hand, the complainant in its complaint by general averment sets forth that they have. With the complaint asserting such general interest in the petitioners, the court, for all we know, might hold that the petitioners had the interest which they deny and that the said complainant had a right to recover despite petitioners' denial of interest or disclaimer. A general judgment would be bound to affect them even if it were rendered in their favor. Nobody is bound to have a benefit fastened upon him which he wants to disclaim. The interest is asserted on one side and denied on the other. We agree with the said complainant that a petition to intervene should generally show an interest, but when the interest appears from the complaint the parties who do not want a suit to be prosecuted in their names or in their behalf have a right to be heard, be it as complainants or defendants, if for no other purpose than to disclaim or prevent a prosecution in their supposed interest. Perhaps the intervenors should be heard by the court only to permit them to present their disclaimer, but not to prevent the suit from being prosecuted on behalf of others. The whole case is made complicated and difficult because of the nature of the suit. In one sense none of the alleged *colonos* would be affected by a judgment, as it would, we think, bind no one except perhaps remotely by estoppel. Any *colono* could sue again and the judgment, except by such estoppel, would not be *res adjudicata*. We are aware that our opinion rendered in this proceeding does not conclude the court or the parties in the main suit, but it protrudes itself on our consciousness in reviewing the question of interest or the effect of the judg-

ment, and a consideration of such opinion may save the complainant and *colonos,* whom it purports to represent, considerable delay and annoyance. The order complained of must be annulled.

*Petition granted.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.